The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is right-handed, approximately forty-five years old, and a married male.
2. During the period from December of 1969 to June of 1979 and thereafter from February of 1981 to the present he has worked for defendant-employer, which is involved in the business of manufacturing clothing labels.
3. Since returning to defendant's employ in 1981 plaintiff has operated a flexographic printing press and initially received training to set up and operate the same machine in 1973.
4. In the course of setting up and operating the flexographic printing press plaintiff was responsible for placing rolls of paper weighing in the 20 to 140 pound range on the same machine, splicing the paper rolls into any rolls already on the machine, threading the rolls of paper through the press, setting up the dyes on the press, adjusting the various dye and printing stations, mixing the necessary ink and insuring that the press ran smoothly once it began operating.
Plaintiff was also responsible for cleaning his machine and the surrounding area every Monday morning, which required an hour and involved him scraping dried ink off the press with either a straight-edge razor or putty knife, wiping down the press with a damp cloth as well as the surrounding area, sweeping under his machine and putting down mats or paper to protect the floor.
5. The extent that plaintiff had to use his hands in setting up and operating his machine was not only dependant upon the number of dyes and colors in a particular run, but how smoothly the machine operated such that when the press was running smoothly his job merely involved standing and observing the press to ensure it was running smoothly and then making any necessary adjustments or changes, the types of which are more fully described in plaintiff's actual testimony, which is hereby incorporated by reference as if fully set out herein and is not seriously in dispute regarding the requirements of his job.
6. The involved claim is one for disabling bilateral carpal tunnel syndrome allegedly due to the manner that plaintiff had to repetitively use his hands in the course of operating the flexographic printing press. Plaintiff initially experienced problems with his dominant right-hand in the 1980's when he developed thumb pain resulting in him being evaluated by a neurologist, who performed diagnostic nerve conduction studies. Once plaintiff's right-hand problems began in the 1980's they not only continued, but in 1994 he developed numbness in the right index, middle and ring fingers. When the numbness extended up his arm, plaintiff sought medical treatment from his family physician, Dr. Cassiano, who subsequently referred him to an orthopedic surgeon and hand specialist, Dr. Gary R. Kuzma.
7. At that time plaintiff was not only suffering from symptomatic carpal tunnel syndrome in his dominant right-hand, but nonsymptomatic carpal tunnel syndrome in his opposite hand as evidenced by the diagnostic nerve conduction studies.
Initially, Dr. Kuzma attempted to treat plaintiff's bilateral carpal tunnel syndrome conservatively with medication and splinting, followed by epidural injections, but when his condition did not improve he performed carpal tunnel releases on the right-hand in September of 1994 and the left a month later.
8. Despite his bilateral carpal tunnel syndrome, plaintiff was able to continue regularly working for defendant-employer until undergoing corrective surgery and is not seeking temporary total disability benefits for the period he was out of work following surgery because he received short-term disability benefits from defendant-employer during the same period.
9. Plaintiff ultimately reached maximum medical improvement and/or the end of the healing period from and following his bilateral carpal tunnel syndrome and the corrective surgeries necessitated thereby on or about May 16, 1995 when Dr. Kuzma rated his permanent partial disability and released him from his care, at which time he retained three percent permanent partial disabilities of both hands as a result of his carpal tunnel syndrome.
10. There is no convincing, credible, medical evidence to any reasonable degree of medical certainty as opposed to mere speculation or a possibility that plaintiff's employment as a flexographic printing press operator either caused or was a significant contributing factor in the development of his bilateral carpal tunnel syndrome nor can the same be reasonably inferred considering the multiple potential causes of carpal tunnel syndrome and the fact that plaintiff's job as a flexographic press operator is not like an assembly line job or any other job involving repetitive motion where he was continually doing the very same thing throughout the workday; but rather, involved him performing a number of different functions with his hands and periods of time when his job merely involved observing the flexographic printing press to insure it was operating properly.
11. Even assuming arguendo that plaintiff's employment as a flexographic printing press operator either caused or was a significant contributing factor in the development of his disabling bilateral carpal tunnel syndrome, there is no convincing credible medical or other evidence that the same job placed him at an increased risk of developing carpal tunnel syndrome as compared to members of the general public and other employments at large not similarly exposed to this type of hand use and in fact Dr. Kuzma was never asked this particular question nor can the element of increased risk be reasonably inferred for the same reasons that causation cannot be.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Plaintiff has failed in his burden of proving that the disabling bilateral carpal tunnel syndrome for which compensation is claimed was due to causes and conditions that were characteristic of and peculiar to his particular employment as a flexographic printing press operator for defendant-employer's clothing label manufacturing business, but excluding all ordinary diseases of life to which the general public is equally exposed outside of that employment. N.C. Gen. Stat. § 97-53(13).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
DCS:bjp